IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| Debra Bonds Estes, | ) | Case No.: 07-04648-BGC-7 |
| Debtor. | ) | |
| Bettye Ann Anglin and Forrest Anglin, | ) | |
| Plaintiffs, | ) | |
| vs. | ) | A. P. No.: 07-00235 |
| Debra Bonds Estes, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

The matters before the Court are:

1. The <u>Defendant's Renewed Motion to Dismiss or Grant Summary Judgment and Brief Defendant's Position on Court Meeting Scheduled for October 19, 2011</u>, Docket No. 86;

2. The plaintiffs' <u>Motion to Amend Complaint</u>, Docket No. 95; and

3. The defendant's <u>Opposition to Plaintiffs' Motion to Amend</u>, Docket No. 97.

**I. Findings of Fact**

This adversary proceeding was filed on November 30, 2007. A pretrial conference was held on January 9, 2008. Appearing were Andre Toffel, the attorney for the Plaintiffs; and Dorris Samsil, the attorney for the Defendant.[1] The hearing was continued to January 30, 2008. Docket No. 8.

---

[1] On January 9, 2008, Mr. Samsil filed a Motion to Withdraw as Attorney. Docket No. 5. After notice and a hearing, that motion was granted on February 1, 2008. Docket No. 12. Mr. Ted Pearson, the debtor's current attorney, filed a Notice of Appearance on March 20, 2008. Docket No. 19.

On January 28, 2008, the Plaintiffs filed a Motion for Summary Judgment. Docket No. 9. A status conference on the motion was scheduled for February 27, 2008. Docket No. 11.

The pretrial hearing was held on January 30, 2008. Appearing were Mr. Toffel, Mr. Samsil, and Robert Adams, the attorney for the Trustee, Thomas Reynolds. The hearing was continued to February 27, 2008. Docket No. 10.

On February 19, 2008, the debtor-defendant filed an answer pro se. Docket No. 15.

The hearing was held on February 27, 2008. Appearing were Mr. Toffel, Mr. Samsil, and James Estes, the debtor's husband. The hearing was continued to April 2, 2008. Docket No. 17.

On March 20, 2008, Mr. Pearson filed an Answer for the defendant. Docket Nos. 20 and 21.

The hearing was held on April 2, 2008. Appearing were Mr. Toffel and Mr. James Walsh for the plaintiffs; Mr. Pearson; and Mr. Estes. The parties were given a deadline of May 5, 2008, to file written arguments on the Motion for Summary Judgment. A hearing for oral arguments was scheduled for May 8, 2008. Docket No. 22.

On May 5, 2008, the defendant filed a Motion for Summary Judgment and a Memorandum in Opposition to the Plaintiffs' Motion for Summary Judgment. Docket No. 24. A hearing was scheduled for May 8, 2008. On May 8, 2008, the Plaintiffs filed a Reply to Memorandum in Opposition to Motion for Summary Judgment. Docket No. 26.

The hearing was held on May 8, 2008. Appearing were Mr. Toffel, Mr. Walsh, and Mr. Pearson. The debtor was given a deadline of May 15, 2008, to respond to the plaintiffs' reply. The matter was submitted on the arguments of counsel and the pleadings. Docket No. 27. On May 15, 2008, the debtor filed an Amended Memorandum in Opposition to Motion for Summary Judgment. Docket No. 28.

On March 24, 2009, the Court entered its Memorandum Opinion and Order denying the plaintiffs' Motion for Summary Judgment. Docket Nos. 30 and 31.

On April 3, 2009, the defendant filed a Motion to Dismiss or in the Alternative Motion for Summary Judgment. Docket No. 34. Also on April 3, 2009, the plaintiffs' filed the Anglins' Motion to Alter, Amend, or Vacate the Court's Order of March 25,

2009.² Docket No. 35. A hearing was scheduled for April 22, 2009. Before the hearing, the parties agreed to continue the hearing to May 6, 2009. Docket Nos. 38 and 39.

The May 6 hearing was held. Appearing were Mr. Toffel, Mr. Walsh, Mr. Pearson, and Mr. Samsil. The matters were submitted based on the arguments of counsel and the pleadings. Docket No. 40. On June 22, 2009, the Courtroom Deputy Note from the May 6 hearing was amended to reflect that the Court would issue a ruling on the <u>Anglins' Motion to Alter, Amend, or Vacate the Court's Order of March 25, 2009</u>, but that the defendant's <u>Motion to Dismiss or in the Alternative Motion for Summary Judgment</u> would not be taken under advisement until the Court's ruling on the motion to alter was a final non-appealable order. Docket No. 41.

On September 10, 2009, the Court entered an order: 1) denying the <u>Anglins' Motion to Alter, Amend, or Vacate the Court's order of March 25, 2009</u> and 2) holding the debtor-defendant's <u>Motion to Dismiss or in the Alternative Motion for Summary Judgment</u> for consideration pending final resolution of the Court's March 24, 2009, Order and the September 10, 2009, Order. Docket No. 42.

On September 18, 2009, the plaintiffs filed a <u>Notice of Appeal</u> (Docket No. 44) regarding: 1) the Court's March 24, 2009, <u>Memorandum Opinion</u> (Docket No. 30); 2) the Court's March 24, 2009, <u>Order</u> denying the plaintiffs' Motion for Summary Judgment (Docket No. 31); and 3) the Court's September 10, 2009, Order denying the <u>Anglins' Motion to Alter, Amend, or Vacate the Court's order of March 25, 2009</u> and holding the debtor-defendant's <u>Motion to Dismiss or in the Alternative Motion for Summary Judgment</u> for consideration pending final resolution of the Court's March 24, 2009, Order and the September 10, 2009, Order. Docket No. 42.

On October 1, 2010, the Honorable Sharon Lovelace Blackburn, United States District Court Judge, Northern District of Alabama, entered an order dismissing the appeal. Docket No. 80.

On February 16, 2011, the adversary proceeding was closed in error. On September 9, 2011, the Court entered an Order reopening the adversary proceeding and setting a status conference for September 28, 2011. Docket No. 81

The September 28, 2011, hearing was held. Appearing were Mr. Toffel and Mr. Samsil for Mr. Pearson. The hearing was continued to October 5, 2011. Docket 83. The October 5, 2011, hearing was continued to October 19, 2011. Docket No. 84.

---

²The order which the plaintiffs ask the Court to reconsider was entered on March 24, 2009, not March 25, 2009. See Docket No. 31.

3

On October 12, 2011, the defendant filed the Defendant's Renewed Motion to Dismiss or Grant Summary Judgment and Brief Defendant's Position on Court Meeting Scheduled for October 19, 2011. Docket No. 86. A hearing was scheduled for November 7, 2011.[3]

The October 19, 2011, hearing was held. Appearing were Mr. Toffel, Mr. Walsh, and Mr. Pearson. The hearing was continued to November 7, 2011. Docket No. 87.

The November 7, 2011, hearing was held. Appearing were Mr. Toffel, Mr. Walsh, Mr. Pearson, and Mr. Estes. On November 8, 2011, the Court entered an Order that 1) denied the defendant's renewed motion to dismiss (Docket No. 86); and 2) considered the remainder of the pleading as a defendant's motion for summary judgment. The Court also gave the defendant a deadline of November 21, 2011, to file supporting affidavits, and gave the plaintiffs' a deadline of December 12, 2011 to respond. Once the deadlines expired, the matter would be taken under advisement. Docket No. 90.

On November 21, 2011, the defendant filed a Motion for Summary Judgment with supporting affidavits. Docket No. 92.[4] The Court entered an order on December 2, 2011, giving the plaintiffs a deadline of December 12, 2011, to respond to the motion. Docket No. 93.

On December 6, 2011, the plaintiffs filed a Motion to Amend Complaint (Docket No. 95) and a Response to Motion for Summary Judgment (Docket No. 96). On December 12, 2011, the defendant filed an Opposition to Plaintiffs' Motion to Amend Complaint. Docket No. 97. A hearing was scheduled for January 18, 2012. Docket No. 98.

On January 17, 2012, Mr. Pearson filed a Motion to Continue. Docket No. 100. The motion was granted and the hearing was continued to February 1, 2012. Docket No. 101.

## II. Conclusions of Law

Based on the above, there are two matters before this Court requiring rulings. Those are:

---

[3] This motion replaced the defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment, Docket No. 34.

[4] This motion supplements the Defendant's Renewed Motion to Dismiss or Grant Summary Judgment and Brief Defendant's Position on Court Meeting Scheduled for October 19, 2011, Docket No. 86.

4

1. The <u>Defendant's Renewed Motion to Dismiss or Grant Summary Judgment and Brief Defendant's Position on Court Meeting Scheduled for October 19, 2011</u>, Docket No. 86, a substitution for the defendant's <u>Motion to Dismiss or in the Alternative Motion for Summary Judgment</u>, Docket No. 34, and supplemented by the defendant's <u>Motion for Summary Judgment</u>, Docket No. 92; and,

2. The plaintiffs' <u>Motion to Amend Complaint</u>, Docket No. 95.

### A. The <u>Defendant's Renewed Motion to Dismiss or Grant Summary Judgment and Brief Defendant's Position on Court Meeting Scheduled for October 19, 2011</u>

The defendant relies on this Court's March 24, 2009, memorandum opinion denying the plaintiff's motion for summary judgment (Docket No. 30) and the Court's September 10, 2009, order denying the plaintiff's motion to alter the March order (Docket No. 42). In that regard in considering the plaintiffs' appeal, the district court wrote, " Nothing in the record before the court indicates that the bankruptcy court's Orders of March 24, 2009, or September 10, 2009, were final judgments." For that reason alone, this Court must deny the defendant's pending motion. If the orders were not final to be reviewed by the district court, this Court cannot find that they were final to decide the substantive matters the defendant seeks to be decided. Therefore, the <u>Defendant's Renewed Motion to Dismiss or Grant Summary Judgment and Brief Defendant's Position on Court Meeting Scheduled for October 19, 2011</u>, Docket No. 86 (and the related matters in Docket Nos. 34 and 92) are due to be denied.

### B. The Plaintiff's <u>Motion to Amend Complaint</u>

The plaintiffs seek to amend their complaint to include a count pursuant to section 727(a)(2)(B) of the Bankruptcy Code.[5] That section reads:

(a) The court shall grant the debtor a discharge, unless –

    (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed –

---

[5] Rule 15 of the Federal Rules of Civil Procedure applies here through Rule 7015 of the Federal Rules of Bankruptcy Procedure.

>> (B) property of the estate, after the date of the filing of the petition;

11 U.S.C.A. § 727(a)(2)(B).

Therefore, based on the above, "To establish a claim under § 727(a)(2)(B), a plaintiff must show that (1) there was a concealment, (2) after the filing of the petition, (3) of property of the estate, (4) by the debtor with the intent to hinder, delay, or defraud his creditors." In re Unger 333 B.R. 461, 470 (Bankr. M.D. Fla. 2005).

The most practical question in considering any motion to amend a complaint is whether the motion is timely. That is the circumstance here. For all that has occurred in this and related cases, is it timely, and therefore proper for the Court, to allow the plaintiffs to amend a complaint that is over three years old?[6]

The factual basis of the plaintiffs' section 727(a)(2)(B) count is as described by the Chapter 7 trustee assigned to this case. In his <u>Response to Objection of Forrest and Bettye Ann Anglin to First and Final Application for Compensation for Attorney for the Trustee</u>, he explained:

> 11. After investigation, the Trustee discovered that the Debtor had at one time owned a diamond necklace which was not originally listed on the Debtor's schedules and which was alleged to hold considerable value.
>
> 12. On or about March 30, 2007, in a deposition in a related state court case Mr. Estes testified that the aforementioned necklace was lost. This necklace was covered under an insurance policy issued by Cincinnati Insurance Company in the amount of $15,000.00. As a result, the Trustee filed an insurance claim with Cincinnati Insurance Company for $15,000.00.
>
> 13. Cincinnati Insurance Company subsequently contacted the Debtor's spouse or was contacted by the Debtor's spouse who stated that the claim should be withdrawn.
>
> 14. Consequentially, Cincinnati Insurance Company denied the insurance claim and notified the Trustee of the same.
>
> 15. In subsequent conversations and/or correspondence, Cincinnati Insurance Company gave additional reasons for denying the claim

---

[6] "The granting of a motion to amend is within the discretion of the court. <u>Foman v. Davis</u>, 371 U.S. 178 (1962)." <u>In re Kyu Sup Mun</u>, 458 B.R. 628, 630 (Bankr. N.D. Ga. 2011). See also <u>Warner v. Alexander Grant & Co.</u>, 828 F.2d 1528, 1531 (11th Cir.1987).

6

including that the Trustee did not have standing to bring the claim if the Debtor withdrew it and that there was no proof that the necklace had, in fact, been lost.

16. On February 2, 2010, HSY filed an Amended Motion to Approve Compromise with Cincinnati Insurance Company on behalf of the Trustee (the "Compromise") [Docket # 183]. The Compromise provided for the insurance claim to be settled for $7,500.00.

17. The Court issued a Notice of Hearing scheduling the Compromise for hearing and providing that objections to the Compromise be filed no later than March 24, 2010 [Docket # 184]. No objections were filed and the Compromise was approved by the Court on April 6, 2010 [Docket # 198].

<u>Response to Objection of Forrest and Bettye Ann Anglin to First and Final Application for Compensation for Attorney for the Trustee</u> at 3-4. Case Docket No. 241.[7]

The pending Chapter 7 case was filed on October 15, 2007. The plaintiff filed the pending complaint on November 30, 2007. But, as the above explains, the issue of the defendant's necklace was not resolved until at least two years after the pending case and adversary were filed. It may be that the plaintiffs should not have waited another two years to bring the action, but the Court cannot find that the complaint amendment is so untimely that it should be denied now. It is, of course, like all section 727(a)(2)(B) matters, by definition something that must have occurred after a case is filed.[8]

A separate order will be entered in conformity with this memorandum opinion.

Dated: March 5, 2012      /s/Benjamin Cohen
                                                BENJAMIN COHEN
                                                United States Bankruptcy Judge

BC:pb

---

[7] It is of course the defendant's insurance claim which became a part of her bankruptcy estate, not the actual necklace.

[8] But still, "denial of discharge under section 727(a)(2)(B) requires the objecting party to... [prove] that defendant has concealed property of the estate after date of filing of the bankruptcy petition." <u>In re Nipper</u>, 186 B.R. 284, 288 (Bankr. M.D. Fla.1995).